UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LIZETTE DELATORRE,<br><br>Defendant. | Case No: CR 09-00781 SBA<br><br>**ORDER OF REMAND VACATED; DEFENDANT ORDERED TO SELF SURRENDER**<br><br>Docket 105 |

The parties are presently before the Court on Defendant's request that the Court vacate its order of remand ("Order of Remand") requiring Defendant to self surrender by 5:00 p.m. on May 13, 2011(Docket 105), and further request that this Court permit her to self surrender at a later date because she has shown exceptional circumstances under 18 U.S.C. § 3145(c). For the reasons stated herein, the Court hereby GRANTS Defendant's requests and VACATES its Order of Remand.

The Ninth Circuit gives district courts broad discretion in determining whether exceptional circumstances exist under 18 U.S.C. § 3145(c). United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir. 2003). Under its powers of broad discretion, the Court finds that exceptional circumstances exist because Defendant has satisfied the safety valve provisions of 18 U.S.C. § 3553(f). In addition, based upon the considerations set forth in Defendant's Memorandum, the Court grants her request to self surrender on August 5, 2011.

Defendant is subject to a mandatory remand under 18 U.S.C. § 3143(a)(2) because she has pleaded guilty to an offense detailed in 18 U.S.C. §§ 3142(f)(1)(B)&(C), an offense which carries a certain maximum sentence of imprisonment.  However, in 1994, Congress enacted 18 U.S.C. § 3553(f), the "safety valve" provision, which provides an escape from mandatory minimum sentences for certain first-time offenders.  United States v. Powers, 194 F.3d 700, 704 (6th Cir. 1999).  The purpose of this provision is "to mitigate, at times, the unduly harsh and often unfair mandatory minimum sentences imposed on first-time offenders."  United States v. Alvarado-Rivera, 386 F.3d 861, 869 (8th Cir. 2004).  In effect, Congress has created an exception to the mandatory sentencing provision for these offenders.  By extension, the Court finds it consistent with the spirit and intent underlying the safety valve provision to except the Defendant, who is eligible for application of the safety valve provision, from the mandatory remand provision of § 3143(a)(2).

Accordingly,

IT IS HEREBY ORDERED THAT:

(1)     Based on the Court's finding of exceptional circumstances under 18 U.S.C. § 3145(c), the Court's Order of Remand (Docket 105) is VACATED.

(2)     Defendant's request to report voluntarily, at Defendant's own expense, to the federal institution designated by the Bureau of Prisons for service of her sentence is GRANTED on the conditions set forth below.

(3)     A stay of execution of Defendant's sentence is GRANTED on the conditions set forth below, and during the period of the stay, Defendant shall remain at large on Defendant's present cognizance.

(4)     Defendant shall immediately report to the United States Marshal's Office, Room 20006, 450 Golden Gate Avenue, San Francisco, or 1301 Clay Street, Oakland, CA 94612 for further instructions, which Defendant shall follow precisely.

(5)     As Notified by the United States Marshal, the Defendant shall report to the federal institution designated by the Bureau of Prisons on or before 2:00 p.m. on August 5, 2011.  If there has been no designation made prior to the surrender date, then the Defendant

is to report to the above office of the United States Marshal by 12:00 p.m. on the surrender date.

(6) Any failure by Defendant to obey all requirements of this order shall be punishable as a contempt.

<u>FAILURE TO APPEAR</u> as required in this Order constitutes a separate offense, a violation of Section 3146 of Title 18, United States Code, and punishable by additional imprisonment of up to five years.

IT IS SO ORDERED.

Dated: 5/12/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge